UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE D. WEST,

    Plaintiff,                                                Case No. 20-10142

vs.                                                            HON. MARK A. GOLDSMITH

P. DESKIEWICZ, et al.,

    Defendants.
_____/

### ORDER AFFIRMING THE MAGISRATE JUDGE'S JULY 8, 2020 AND SEPTEMBER 10, 2020 ORDERS (Dkts. 21, 28) AND OVERRULING PLAINTIFF'S OBJECTIONS (Dkts. 26, 31)

This matter is before the Court on Plaintiff Andre D. West's objections to Magistrate Judge David R. Grand's orders dated July 8, 2020 (the "July 8 Order") (Dkt. 26) and September 10, 2020 (the "September 10 Order") (Dkt. 31). For the reasons discussed below, the Court overrules West's objections and affirms the magistrate judge's orders.

When a party objects to a magistrate judge's ruling on a non-dispositive matter, a district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W.D. Mich. 1995). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Under this standard, a district court may not reverse a magistrate judge's findings merely because it would have decided the matter

differently. Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc., 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014). The "contrary to law" standard, by contrast, requires the district court to employ "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (internal marks and citation omitted).

The July 8 Order granted Defendants' motion to set aside a Clerk's entry of default on the ground that Defendants' failure to answer or otherwise respond to the complaint was not the product of willfulness but rather an administrative error. 7/8/20 Order at 4 (Dkt. 21). The magistrate judge further held that West would not suffer prejudice as a result of setting aside the default, and that Defendants articulated a potentially meritorious defense to West's claims arising from an allegedly unconstitutional traffic stop—namely, qualified immunity. Id. at 5.

West asserts four primary objections to the July 8 Order. First, he objects on the basis of the lack of detail provided by Defendants in explaining the precise nature of the administrative error leading to their failure to answer or respond to the complaint. But the magistrate judge did not clearly err in crediting Defendants' assertion that, due to a faxing error at either the Oak Park Department of Public Safety or defense counsel's office, Defendants never received the summonses. Indeed, this explanation is reasonably supported by the communications among municipal employees and counsel, attached as an exhibit to Defendants' reply. See Oak Park Emails, Ex. A to Reply (Dkt. 19-2).

Second, West contends that the magistrate judge failed to adequately consider his argument that he would suffer prejudice as a result of setting aside the default, as the delay would afford Defendants a greater opportunity to collude and defraud the Court. However, the magistrate judge

2

considered this argument and determined that it was speculative and untethered to any basis in fact. Id. at 5. The additional arguments concerning prejudice set forth in West's objections cannot serve as a basis for overruling the July 8 Order, as they were not presented to the magistrate judge. See Exide Techs. v. Kmart Corp., No. 07-CV-11269, 2008 WL 2511094, at *1 (E.D. Mich. June 23, 2008) ("A magistrate judge's decision should not be disturbed on the basis of arguments not presented to the magistrate judge.").

Third, West takes issue with the magistrate judge's conclusion that Defendants "have articulated a meritorious defense to West's claims—qualified immunity." 7/8/20 Order at 5. Evaluating the legal merits of the issue, West contends that a qualified immunity defense cannot succeed. But as stated in the July 8 Order, in confronting a motion to set aside a default, a court need not decide whether a defense is likely to succeed on its merits, only that there is some possibility that the assertion of the defense may alter the outcome of the suit. Id. (citing Dassault Systemes, SA v. Childress, 663 F.3d 832, 843 (6th Cir. 2011)). Thus, West has not demonstrated that this conclusion is contrary to established law.

Finally, West argues that the magistrate judge erred in failing to condition setting aside the default on Defendants' payment of fees and costs incurred by West in connection with the default. The Court disagrees. The magistrate judge's decision not to award sanctions is a matter of discretion and cannot be considered clearly erroneous or contrary to law—particularly where West is proceeding pro se and has not incurred attorney fees. See 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2700 (4th ed.) (noting that "[t]he court's inherent power and use of discretion also enables it to set aside default entries on various conditions"). Consequently, the Court rejects West's objections to the July 8 Order.

3

Next, West challenges the September 10 Order, which denied his motions for leave to file an oversized sur-reply in connection with Defendants' motion to set aside the default. 9/10/20 Order (Dkt. 28). Although West filed these motions on June 30, 2020, they did not appear on the Court's docket until July 10, 2020. Id. at 2. In the interim, the magistrate judge entered the July 8 Order granting the motion to set aside the default. Id. The magistrate judge subsequently denied West's motions to file an oversized sur-reply because the Local Rules do not provide a right to file a sur-reply, and because the parties' arguments were adequately set forth in the existing briefing. Id.

As acknowledged in West's objections to the September 10 Order, whether to permit a party to file a sur-reply is a matter left to the district court's discretion. Rose v. Liberty Life Assurance Co. of Boston, No. 3:15-cv-28, 2015 WL 10002923, at *1 (W.D. Ky. Oct. 19, 2015) (citing Key v. Shelby Cty., 551 F. App'x 262, 264 (6th Cir. 2014)). The magistrate judge's conclusion that the parties were afforded adequate opportunity to present their arguments was well within that discretion, particularly where West filed a 59-page response (Dkt. 18) and a 64-page amended response (Dkt. 20). Moreover, the minor factual clarifications contained in Defendants' reply did not warrant additional briefing by West. West's objections in this regard are, therefore, unavailing.

Accordingly, the Court overrules West's objections and affirms the July 8 Order and the September 10 Order.

SO ORDERED.

Dated:  December 17, 2020         s/Mark A. Goldsmith
    Detroit, Michigan               MARK A. GOLDSMITH
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2020.

              s/Karri Sandusky
              Case Manager